# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2023

Lyle W. Cayce
Clerk

No. 22-20409
Summary Calendar

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JIMMY LEE SMART,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-292-1

---

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Jimmy Lee Smart appeals the sentence imposed following his conviction for possessing a counterfeit mail key. He argues the district court erred by applying a 12-level loss enhancement. These are Smart's contentions: (1) there was no evidence of actual loss and (2) while the Guidelines commentary expands the definition of loss to included intended

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.4.

loss, such an expansion is erroneous under the deference doctrine refined in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019). *See* U.S.S.G. § 2B1.1(b)(1) & cmt. n.3(A). He also challenges the Guidelines commentary's providing for a $500 minimum loss amount per unauthorized access device. *See* § 2B1.1 cmt. n.3(F)(i).

After filing his appellate brief, Smart filed an unopposed motion for summary disposition. He concedes his argument is foreclosed by our recent decision in *United States v. Vargas*, 74 F.4th 673, 678 (5th Cir. 2023) (en banc). There we held that *Kisor*'s less deferential framework does not govern the Guidelines and its commentary. Smart seeks to preserve his argument for further review and acknowledges that his latter argument does not affect the Guidelines calculations.

Summary disposition is appropriate in cases in which, among other instances, "there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Smart is correct that his argument is foreclosed. Accordingly, Smart's motion for summary disposition is GRANTED, and the district court's judgment is AFFIRMED.